William H. Hammett
vs
Catherine A. Gillies
Eq. No. 2122

RESCRIPT

March 17, 1927

BLODGETT, J. Heard in Newport County upon a petition for an injunction restraining respondent from the use of Bowery Court for the purpose of entering and leaving a garage owned by her with motor vehicles or carriages.

The lot of respondent upon which her garage is built abuts upon Bowery Court at the rear wall of the garage. It appears from the testimony that access to such garage can be had from Spring Street, a public highway of Newport.

It further appears that no easement has been granted to respondent in said Bowery Court, unless there be an easement by implication, and that an easement must be implied by reason that the use of said court is necessary to give access to said land of respondent.

The Court is not satisfied from the testimony adduced that the use of Bowery Court by the respondent is necessary for her enjoyment of access to her land from a public highway, or that she has ever acquired any easement in said court either by grant, implication or acquiescence.

Petition for injunction granted.

For Complainant: Burdick & MacLeod.

For Respondent: Sheffield & Harvey.

Jacob Stallman
vs
Abraham White et al
Eq. No. 8050

RESCRIPT

March 2, 1927

TANNER, P. J. This is a bill brought for the specific performance of an agreement to cancel the sale of real estate if the building thereon should be condemned by the city authorities within a year.

It is alleged that the respondent White has procured the respondent Silverman to bring a collusive suit against him and attach the property of the respondent White for the purpose of defeating the judgment that may be obtained by the plaintiff in this bill.

The respondent Silverman demurs to the bill because the plaintiff has not obtained a judgment before proceeding to have his attachment and suit declared void.

It is true that in creditor's bills and the ordinary bill which is brought in aid of execution this is necessary but we think justice requires that we should sustain this bill against Silverman against demurrer to prevent the possibility of Silverman being able to sell the real estate which he has attached before the plaintiff can get judgment in this suit. If Silverman could thus sell the property, a bona fide purchaser might obtain a title which would defeat the execution which the plaintiff may obtain upon his judgment in this suit against this property so attached.

We shall, therefore, overrule the demurrer.

5 Pom. Eq. Jr., p. 2308.

For Complainant: Green, Curran & Hart.

For Respondent: Tillinghast & Collins, Max Winograd.